UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                              Case No. 13-CR-0135

ASHLEY CONANT,

      Defendant.

## ORDER

Ashley Conant filed a letter motion, which includes a request for a hearing, seeking amendment of the restitution order in the above-referenced case. Conant filed her initial letter with restricted access, and this court ordered her to file a public request so all parties could be advised of her request as modification of a restitution order would affect all co-defendants. Victims and the public also have a right to access such information. The defendant has now done so, and for the following reasons her motion is denied.

On October 10, 2014, Ashley M. Conant pled guilty to conspiracy to commit mail and wire fraud and on January 8, 2015, Conant was sentenced to 20 months imprisonment to be followed by 3 years of supervised release. Conant was ordered to pay a $100 special assessment and assessed restitution in the amount of $267,041.60. Conant was determined to be joint and severally liable for the restitution payment with her co-defendants. Conant's plea agreement stated restitution would be paid immediately and she would not hinder collections. As of August 4, 2020, the balance of restitution due was $195,191,54. Ms. Conant has paid $9,509.33 toward her special assessment and restitution thus far. The total all defendants paid at the time of Probation's

response was $72,917.29.  Although in March 2018 Conant agreed in writing to make monthly payments of $75, after September 4, 2018 nearly two years lapsed between Conant's next voluntary payments in June and July 2020.  The government states that Conant has been uncooperative with Financial Litigation Agents when filling out financial statements and avers that her renewed interest in making voluntary payments is tied to her request that she be given a "fixed amount payment" and she be removed from the existing joint and several restitution order, as well as any further restitution order, in an effort to "finalize [her] obligations in this matter."  Both the government and probation opine that, although the court has the authority to adjust the payment schedule or require immediate payment in full based upon a material change in the defendant's economic circumstances, it does not appear the court has the ability to adjust the amount of restitution at this time.  Dkt. [376] at 2 and Dkt. [377] at 2.  The government notes that, while the defendant is permitted to request a change in her payment schedule if she can demonstrate a material change in her economic circumstances, she has not done so.  The government contends that this court has no authority to grant the relief she requests:

> The Mandatory Restitution Act provides that whoever is convicted of "any crime involving fraud or deceit" shall be ordered by the court to make restitution to the victim of the offense. 18 U.S.C. §3663A(c)(1)(A)(ii). Subject to few exceptions, a mandatory restitution order under this statute is considered a final judgment. 18 U.S.C. §3664(o). Thus, a court may only modify or reduce a previously imposed sentence as permitted by specific statute. *United States v. Peterson*, No. 04-CR-216, 2010 WL 1286927, at *1 (E.D. Wis. Mar. 30, 2010).

Dkt. No. [376] at 3.

Ms. Conant cites no statute authorizing the court to grant the relief she seeks, and the court is unaware of any that do.  Joint and several liability for the resulting losses is the rule for defendants who act in concert to commit a crime.  The reason for the rule is to avoid placing the victims in the position of chasing after their money among the several defendants who combined

2

to cause their losses. While the rule can result in a defendant paying more than her proportionate share of the loss, the remedy for such a defendant is to seek recovery from her co-defendants. It is not to ask the court to vacate or reduce the joint and several obligation.

For the foregoing reasons, this court is unable to grant the relief Ms. Conant seeks, and her letter/motion requesting she be given a "fixed amount payment toward the joint and several restitution ordered in this matter" is denied. Ms. Conant is directed to use her best efforts to make regular monthly payments as previously agreed upon.

Dated at Green Bay, Wisconsin this 26th day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge